IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, ) | |
| ) | |
| Plaintiff, ) | 4:06cv3259 |
| ) | |
| vs. ) | ORDER to SHOW CAUSE |
| ) | |
| LANCASTER COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court sua sponte upon the removal to this court of the above-entitled case filed two months ago in a state court. It has come to the court's attention that the claims asserted by the plaintiff, Jerome Davis, in this case wholly overlap the plaintiff's claims in Case No. 4:05cv3238, which has been pending in this court since September 16, 2005. The factual context of both cases is also identical. In both cases, the plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §1983, alleging excessive force by the defendants during and after an altercation on November 16, 2004, between the plaintiff and Lancaster County Corrections Officer Matthew Vincentini. After other officers came to Vincentini's aid and restrained the plaintiff, they placed the plaintiff in an emergency restraint chair and then into a holding cell.

The plaintiff does not require two cases in which to present the same claims against the defendants, and, in fact, "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000). "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not

significantly differ between the two actions.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted). Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

In this case, the plaintiff names four defendants who have not been sued in Case No. 4:05cv3238, i.e., David Caufield, Gerald Hauder, Lori Burns and Joseph Reding. All other defendants in the above-entitled case are also named as defendants in Case No. 4:05cv3238. If this case is dismissed as a duplicate of the earlier litigation, the plaintiff will be granted leave to add David Caufield, Gerald Hauder, Lori Burns and Joseph Reding to Case No. 4:05cv3238.

Therefore, by November 24, 2006, the plaintiff shall file a "Response to Order to Show Cause" in which the he shall specify why the above-entitled case should not be dismissed in light of the foregoing authority. In the absence of a timely and sufficient response, the above-entitled action will be dismissed, and leave to add the additional parties to Case No. 4:05cv3238 will be granted.

IT IS SO ORDERED.

DATED this 6th day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge