IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, | ) |
| Plaintiff, | ) 4:06cv3259 |
| vs. | ) MEMORANDUM AND ORDER |
| LANCASTER COUNTY, et al., | ) |
| Defendants. | ) |

This matter is before the court upon the removal to this court of the above-entitled case filed in the District Court of Lancaster County, Nebraska. The claims asserted by the plaintiff, Jerome Davis, in this case wholly overlap the plaintiff's claims in Case No. 4:05cv3238, which has been pending in this court since September 16, 2005. The factual context of both cases is also identical. In both cases, the plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §1983, alleging excessive force by the defendants during and after an altercation on November 16, 2004, between the plaintiff and Lancaster County Corrections Officer Matthew Vincentini. After other officers came to Vincentini's aid and restrained the plaintiff, they placed the plaintiff in an emergency restraint chair and then into a holding cell.

The plaintiff does not require two cases in which to present the same claims against the defendants, and, in fact,"plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000). "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not

significantly differ between the two actions.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted). Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

This court issued an Order to Show Cause why the above-entitled action should not be dismissed as duplicative of Case No. 4:05cv3238. The plaintiff responded (Filing No. 9) that this case was improperly removed because the parties are all citizens of the State of Nebraska, and this court thus lacks subject matter jurisdiction of the removed action. See 28 U.S.C. § 1332 (diversity of citizenship). However, the court has subject matter jurisdiction in this case on the same basis as in Case No. 4:05cv3238, i.e., 28 U.S.C. § 1343 grants the federal courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights.

In both this case and Case No. 4:05cv3238, the plaintiff states a claim for relief under 42 U.S.C. § 1983, by alleging that he was deprived of rights secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. This case was not improperly removed, and the plaintiff has shown no reason why two duplicate cases based on the same claims and subject matter against most of the same parties should be allowed to proceed in the same court. Therefore, the above-entitled action will be dismissed.

In this litigation, however, the plaintiff names four defendants who have not been sued in Case No. 4:05cv3238, i.e., David Caufield, Gerald Hauder, Lori Burns and Joseph Reding. All other defendants in the above-entitled case are also named as defendants in Case No. 4:05cv3238. Upon dismissal of this case as a duplicate of the earlier-filed litigation, the plaintiff will be granted leave to add David Caufield, Gerald Hauder, Lori Burns and Joseph Reding to Case No. 4:05cv3238.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case is dismissed without prejudice as a duplicate of Case No. 4:05cv3238;

2. That a separate judgment will be entered accordingly;

3. That the plaintiff shall have until January 5, 2007, to file an Amended Complaint in Case No. 4:05cv3238 for the limited purpose of adding David Caufield, Gerald Hauder, Lori Burns and Joseph Reding as defendants to that litigation; and

4. That by January 25, 2007, David Caufield, Gerald Hauder, Lori Burns and Joseph Reding shall answer or otherwise respond to the Amended Complaint in Case No. 4:05cv3238; and any party who believes that progression order deadlines should be extended in that case may notify the court accordingly.

DATED this 6th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge